# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

JASON WAYNE MCNUTT                                                    PLAINTIFF

v.                                    No. 4:12-cv-432-DPM

CAROLYN W. COLVIN, Commissioner,
Social Security Administration                                        DEFENDANT

## ORDER

McNutt sought disability insurance benefits and supplemental security income, claiming he was disabled at age twenty-seven due to back problems, anxiety, and nerves. Although medical experts testified McNutt had no severe impairment, the Commissioner's ALJ identified "low back pain" as a severe impairment, determined McNutt could do some sedentary work, and denied McNutt's applications. McNutt appeals. This Court must determine whether — considering supporting and contrary evidence — substantial evidence supports the Commissioner's decision. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000).

McNutt's arguments turn on an alleged visual impairment. He claims his left eye is impaired by recurrent erosion syndrome. He maintains the ALJ should have developed the record about his vision and considered it in determining whether McNutt could work.

The evidence about recurrent erosion syndrome consists of an April 2010 eye examination and McNutt's September 2010 testimony that vision in his left eye comes and goes. The examination report recorded unaided vision of 20/40 in the left eye. The report reflected an uncertain diagnosis: "(?) recurrent erosion syndrome." *Tr. 281.* The examining ophthalmologist prescribed nonsteroidal eye drops and instructed McNutt to return in two weeks. The record reflected no follow-up visit. Eleven weeks later, McNutt reported no vision or eye problem to his primary care physician. The failure to return to the ophthalmologist or complain further indicates McNutt's vision problem resolved with treatment. The problem was therefore not disabling because treatment controlled it. *Estes v. Barnhart,* 275 F.3d 722, 725 (8th Cir. 2002).

In addition, McNutt's vision problem did not meet the statutory duration requirement. To serve as a basis for disability, an impairment must last for twelve continuous months. 42 U.S.C. § 1382c(a)(3)(A). McNutt testified that his vision was good for two months, but gradually worsened during the following four months. Even if his vision deteriorated, no evidence established visual impairment for twelve months.

As for the complaint about record development, the eye exam provided sufficient information for determining whether McNutt was visually impaired. *Compare Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994) (requiring medical exams/tests if medical records do not provide sufficient medical evidence to determine whether claimant is disabled). McNutt identified depression, anxiety, and his back—not his vision—as his primary reasons for disability. Substantial evidence supports the Commissioner's decision that McNutt was not disabled. The Court affirms.

So Ordered.

D.P. Marshall Jr.
United States District Judge

___ 24 July 2013 ___